SINGLETON TRENARY, Impleaded, &c.,

*v.*

SILAS W. CHEEVER.

1. EXECUTION—*levy—satisfaction.* A levy on personal property under a *fi. fa.* is *prima facie* a satisfaction, but if, when sold, it proves insufficient, the presumption is rebutted to the extent of the deficit; or if the defendant wrongfully regain and hold possession of the property, the presumption of satisfaction is overcome.

2. SAME—*levy—delivery bond—its effect.* Where a sheriff makes a levy under a *fi. fa.* and the defendant gives a delivery bond under the statute, and does not return the property according to the conditions of the bond to the sheriff, the levy thereby is removed and the sheriff may levy on other property as though the first levy had not been made, or if the execution is returned not satisfied, an *alias* execution, and not a *venditioni exponas*, may issue, and satisfaction obtained by levy on defendant's property.

WRIT OF ERROR to the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

The opinion states the case.

Messrs. GLOVER, COOK & CAMPBELL, for the plaintiff in error.

Messrs. CRAWFORD & BECK, and Mr. CHARLES BLANCHARD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case, that a judgment, by confession, was entered against plaintiff in error, and in favor of defendant in error, in the La Salle County Court, for the sum of $332 52, on the 26th of May, 1862. The power of attorney upon which the judgment was confessed is set out in the record, and appears to be regular. On the 26th day of the same month, an execution was issued, delivered to the sheriff of La Salle county, which was returned endorsed, showing a levy of personal property belonging to Cooper, and that a forthcoming bond was executed by him and one Reese Brock, and that the execution was returned by order of the plaintiff, on the 28th day of February 1867. On the 11th of June following, an *alias* execution was issued and delivered to the sheriff, who levied it upon real estate belonging to Trenary, one of the defendants in execution.

On the hearing, defendant in error filed his affidavit, in which he states that the judgment had not been paid, and that from information and belief, the property levied upon under the first execution was not sufficient in value to satisfy the judgment. He also filed the affidavit of Waterman, the sheriff, who states that he returned the original execution, and states his authority for so doing; that the levy was made, and no money was realized from it; that the property was left in Cooper's hands, and was insufficient in value to satisfy the execution, and that it had never been delivered to him according to the condition of his forthcoming bond. Grow testifies, in his affidavit, that he was deputy sheriff, and as such, made the levy under the first execution; that the property was insufficient in value to satisfy the execution, and that it was retained by Cooper.

The court below overruled the motion to quash the execution and vacate the judgment. And to reverse that judgment this writ of error is prosecuted.

Defendant in error filed, in this court, a plea of the statute of limitations, to which plaintiff in error replied, that the judgment refusing to quash the execution and to vacate the judgment, was rendered within five years before the prosecution of this writ of error. Plaintiff in error withdrew the errors assigned on the original judgment, and leaves those relating to the refusal to quash the execution in the record; and, thereupon, defendant in error joined in error upon them. This, then, presents the question whether the levy under the execution of May 26, 1862, operated as a satisfaction so as to prevent an *alias* execution from issuing and being levied upon other property.

The doctrine is well settled, that a levy on personal property, under an execution, is *prima facie* a satisfaction. But when sold, if it brings less than the amount required to be levied under the execution, such sale rebuts the presumption to the extent of the deficiency. Again, the presumption is rebutted when it appears that defendant in execution has wrongfully regained and retained the property, when the officer may, as in case of an insufficient amount being produced by a sale, levy on other property of sufficient value to satisfy the debt. And the statute has provided, when a delivery bond is given by the defendant, when the levy is made, that if he fails to deliver the property according to the condition of his bond, the officer having such execution may proceed to execute the same in the same manner as if no levy had been made. (R. S. 306, Sec. 31.) Thus, it will be observed, that a failure to return the property to the officer, as required by the delivery bond, discharges the levy, and fully authorizes the officer to proceed to make a new levy on other property, precisely as though the levy had not been made. It then follows, that as Cooper failed to deliver the property levied on

under the first execution, according to the condition of his delivery bond, the levy thereby became canceled, and the presumption of satisfaction rebutted, and the sheriff fully empowered to levy on other property under that execution, or on its return, for an *alias* execution, instead of a *venditioni exponas*, to issue, under which a levy could be made, and a satisfaction of the judgment had. It would have been more regular for the sheriff to have endorsed that the property had been retained by defendant under a delivery bond, and never returned to him. But this is only form, and in nowise affects the merits of the controversy. The judgment of the court below is affirmed.

*Judgment affirmed.*